Connolly, Thomas E., J.
This civil breach of contract action was brought by the plaintiff, Angelo Todesca Corporation (Todesca) against the defendant, Massachusetts Highway Department (Department) and involves two contracts entered into between them for the repair of Route 1-495 and Route 1-195. The Complaint states three claims, all of which arise out of these two repair projects.
This civil action was commenced by Todesca on October 29, 2004. The work on the two projects was completed, one in 1999 and one in 2000. The statute of limitations for actions against the Commonwealth or any of its Departments is three years. The Department maintains and has pled that this action is barred by the Statute of Limitations. Todesca, in turn, has alleged that the statute of limitations was tolled by a written tolling agreement.
Both parties undertook a search of their own files and their clients’ files for any writing discussing in any way the alleged tolling agreement. None was found and the MHD filed its Motion for Summary Judgment based on the statute of limitations. After MHD’s service of its Motion for Summary Judgment, it received back from Todesca its opposition now alleging that the tolling agreement was an oral agreement and not a written one. This, evidently, was the first time that MHD had ever been told that the alleged tolling agreement was oral, instead of its prior representations that it was written.
The Department is now moving that an initial trial be held solely on the statute of limitations, which it believes will be dispositive of this entire case. Todesca on the other hand disagrees and asks that the case be tried to one jury all at the same time. After hearing and review of all submissions, this Court believes that this is one of the rare circumstances where a separate trial under Mass.R.Civ.P. 42(b) on the issue of the statute of limitations is indicated. It appears to be the key issue in the case, and will take a relatively short time to try, as opposed to the trial of this entire major highway construction case. The separate trial will determine the key issue in the case. In the event that the jury finds that there was no oral tolling agreement, that will be the end of the case. If the jury finds that there was a tolling agreement, that may well help with the settlement of the balance of the case.

DISCOVERY MATTERS AND TRIAL DATE

As to the requests for discovery, the Court believes that both parties should have the opportunity for further discovery limited to the existence of an oral tolling agreement. The Court extends the period for said discovery up to and including August 5, 2007.[1] The trial on the issue of the existence of a tolling agreement is assigned for October 1, 2007 at 9:00 a.m.
In the event that the jury determines that there was no oral tolling agreement, that will be the end of the case, by summary judgment or otherwise.
In the event that the jury determines that there was an effective tolling agreement, discovery for both parties will be extended for 150 days from the date of the jury’s verdict on all other issues in the case.

ORDERS

The defendant, Massachusetts Highway Department’s Motion for a Separate Trial on the issue of the alleged oral tolling agreement is ALLOWED.
*489 The discoveiy period on the issue of the existence of an oral tolling agreement is ordered extended up to and including August 5, 2007 for both parties.
In the event that the jury finds the existence of an oral tolling agreement, discovery for both parties is ordered extended for 150 days from the date of the jury’s verdict on all issues in the case.
Dated:April 25, 2007

Counsel for MHD has also requested that the Court, as part of its order on the alleged oral tolling agreement, to mle that “the plaintiff may not assert the attorney-client privilege with respect to this dispute.” This Court has closely read the lead case on the issue of implicit waivers or “at issue” waivers. Darius v. City of Boston, 433 Mass. 274 (2001). This issue is not so clear-cut so as to justify such an order at this time. E.g., ‘The better reasoned view is that there can be no “at issue" waiver unless it is shown that the privileged information sought to be discovered is not available from any other source . . . Defendants should demonstrate why it would be unreasonably difficult for them to obtain the information elsewhere or that redundant evidence will be helpful to their case. They do not have to prove that it is absolutely unavailable from other sources. Of course, the more the requested discovery would intrude into the privilege, the greater should be the showing of need and lack of reasonable alternative sources.” Darius v. City of Boston, supra at p. 284.
The Court believes that it should refrain from any order on the attorney-client privilege at this time, and that discovery should proceed. In the event that the MHD then believes that discovery from the plaintiffs attorneys is necessary, MHD may move to compel testimony and document production on the specific issue in dispute. This Court is mindful of the limited time being afforded counsel for discovery on the “tolling issue,” so this Court will retain jurisdiction of this case, solely on any discovery disputes concerning this issue of tolling and the “at issue” waiver. If counsel have any discovery disputes, they may merely telephone the Assistant Clerk in this judge’s session and an appointment for counsel will be set up within 48 hours. This judge will be sitting in Suffolk Superior Court for the balance of this calendar year. In that way, the parties will not have to wait the longer periods required by Rule 9A, and this case can be tried promptly.